**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Gullion, | No. CV11-01924-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Tiffany & Bosco, P.A., et al., | |
| Defendants. | |

This case arises from alleged deficiencies in the chain of title to Plaintiff's deed of trust. Defendant U.S. Bank National Association ("U.S. Bank") removed this case from Maricopa County Superior Court. Doc. 1. Defendant Tiffany & Bosco, P.A. filed a motion to dismiss and a request for costs and attorneys' fees. Doc. 8-1. That motion was fully briefed in superior court, and is now pending before this Court. Docs. 8-1, 8-2, 8-3. U.S. Bank filed a motion to dismiss and request for costs and attorneys' fees. Doc. 9. That motion is fully briefed.[1] Docs. 9, 11, 15. U.S. Bank joins Tiffany & Bosco's motion to dismiss to the extent that arguments are applicable to both Defendants. Doc. 9, at 16. For the reasons that follow, the Court will grant both motions to dismiss, deny both requests for attorneys' fees and costs, and grant Plaintiff leave to amend the complaint.

---

[1] U.S. Bank's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b).

I.   **Background.**

On or about February 3, 2005, Plaintiff borrowed $250,000 from Avenue Financial Services, LLC for the purchase of real property located at 19777 N. 76th Street #3317, Scottsdale, AZ 85255 ("the Property"). Doc. 8-1, at 2. Plaintiff executed a Promissory Note ("the Note") in exchange for the loan, and a deed of trust ("the Deed") as security for the Note. Doc. 1-1, at 27 (Ex. B). The Deed was recorded on March 1, 2005. *Id.* The original beneficiary and lender was Avenue Financial Services. *Id.* The Deed specifies that the "Lender may, for any reason or cause, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law." Doc. 1-1, at 39 (Ex. B, ¶ 24). The original trustee was First American Title Insurance Co. ("First American") Doc. 1-1, at 28 (Ex. B). The Deed grants power of sale to First American in the event that Plaintiff defaults on his loan. Doc. 1-1, at 29 (Ex. B).

On March 15, 2005, Avenue Financial Services assigned the Deed to Mortgage Electronic Registration Systems, Inc. ("MERS"). Doc. 1-1, at 51 (Ex. C). On January 12, 2011, MERS assigned the Deed to U.S. Bank with an express effective date of December 16, 2010. Doc. 1-1, at 54 (Ex. D).

Plaintiff defaulted on his loan obligations and foreclosure proceedings began. Doc. 1-1, at 5-6 (Compl. ¶¶ 9-10). U.S. Bank, through its authorized agent, Mark S. Bosco, executed a substitution of trustee on December 22, 2010 and appointed Michael A. Bosco, Jr. ("Mr. Bosco") as the successor trustee. Doc. 1-1, at 57 (Ex. E). That same day, Mr. Bosco issued a notice of trustee's sale. Doc. 1-1, at 60 (Ex. F). After Plaintiff filed this pro se suit, U.S. Bank cancelled the pending trustee's sale (Doc. 9-1, at 6) and is in the process of noticing a new sale (Doc. 9, at 4).

Plaintiff makes three claims in his complaint. First, Plaintiff seeks declaratory relief as to his rights under the Note, Deed, notices of default, and notice of trustee's sale. Doc. 1-1, at 10-14. Second, Plaintiff seeks injunctive relief in the form of a temporary

restraining order enjoining the trustee's sale until this case is resolved. Doc. 1-1, at 14-16. Third, Plaintiff seeks damages and attorneys' fees for "false and fraudulent recordations," alleging that Defendants recorded or caused to be recorded documents containing material misstatements they knew or should have known were false. Doc. 1-1, at 16.

**II.   Motions to Dismiss.**

Tiffany & Bosco and U.S. Bank have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**A.   Legal Standard.**

Dismissal is appropriate under Rule 12(b)(6) where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a complaint under Rule 12(b)(6), all allegations of material fact "are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Certain elements of fraud claims carry a higher standard of pleading. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

"In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look

1 beyond the complaint to a plaintiff's moving papers, such as a memorandum in
2 opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dept. of Corr.*, 151
3 F.3d 1194, 1197 n.1 (9th Cir. 1998) (citing *Harrell v. United States*, 13 F.3d 232, 236
4 (7th Cir. 1993)). However, material which is properly submitted as part of the complaint
5 may be considered. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896
6 F.2d 1542, 1555 n.19 (9th Cir. 1989) (citing *Amfac Mtg. Corp. v. Arizona Mall of Tempe*,
7 583 F.2d 426 (9th Cir. 1978)). A court should apply less stringent pleading standards to
8 pro se plaintiffs, such that inartful pleadings are still considered by the court. *Haines v.*
9 *Kerner*, 404 U.S. 519, 520-21 (1972); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir.
10 2007) ("*Pro se* complaints are to be construed liberally and 'may be dismissed for failure
11 to state a claim only where it appears beyond doubt that the plaintiff can prove no set of
12 facts in support of his claim which would entitle him to relief.'" (citations omitted)).

### B.     Tiffany & Bosco.

Plaintiff alleges that Tiffany & Bosco executed and recorded a substitution of trustee that conveyed beneficial interest in the Deed from First American to Tiffany & Bosco as successor trustee. Doc. 1-1, at 8, ¶ 22. Plaintiff argues that the substitution of trustee was problematic because it was recorded before MERS assigned the Deed to U.S. Bank, and that Tiffany & Bosco cannot now foreclose on the Deed and the Note because it does not own, nor was properly conveyed, the security. *Id.* at ¶¶ 23, 24.

Tiffany & Bosco asks to be dismissed from this case in accordance with Section 33-807(E) of the Arizona Revised Statutes. That section provides:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

A.R.S. § 33-807(E).

Plaintiff has incorrectly named Tiffany & Bosco as the trustee. The December 22, 2010 substitution of trustee appointed Mr. Bosco as the successor trustee; Tiffany & Bosco's name appears on the document only as part of a mailing address for Mr. Bosco. Doc. 1-1, at 57 (Ex. E). Although the Court should assume that the factual allegations in the complaint are true, it may consider materials properly submitted as part of the complaint. *Hal Roach Studios, Inc.*, 896 F.2d at 1555 n.19. Plaintiff attached the December 22, 2010 substitution of trustee document as an exhibit to his complaint. Doc. 1-1, at 57 (Ex. E). That document indicates that Mr. Bosco was appointed as successor trustee. The Court rejects Plaintiff's allegation that Tiffany & Bosco was the successor trustee because, in light of the contradictory exhibit, the Court does not have "a reasonable expectation that discovery will reveal evidence of [the alleged fact]." *Twombly*, 550 U.S. at 556. The Court will grant Tiffany & Bosco's motion to dismiss.

### C. U.S. Bank.

Plaintiff has alleged only one cause of action: false and fraudulent recording under A.R.S. § 33-420. U.S. Bank argues that this claim fails as a matter of law because none of the documents at issue are deficient, the statutory basis for the claim does not provide relief for the types of documents at issue, and Plaintiff has not satisfied the pleading requirements for a fraud claim. *Id.* at 13-14.

#### 1. The Deed Documents.

The pleading is based on claims about the Deed documents that are inconsistent with applicable law. First, Plaintiff argues that U.S. Bank cannot foreclose because the Note was securitized and is no longer owned by any individual. Doc. 1-1, at 3-4, ¶¶ 14, 17 ("Plaintiff's Note was separated from the Deed of Trust[.]"). The Ninth Circuit has rejected this argument. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) ("Even if we were to accept the plaintiffs' premises that . . . the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose.").

Second, Plaintiff argues that the first assignment from Avenue Financial Services to MERS and the second assignment from MERS to U.S. Bank were backdated, and that the second assignment was "robo-signed" by Paula Gruntmeir on behalf of Tiffany & Bosco. Doc. 1-1, at 4, ¶¶ 19-21. Such conclusory allegations are the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient under the Supreme Court's pleading standards. *Iqbal*, 129 S.Ct. at 1949. Plaintiff infers wrongdoing related to the first assignment because the signature date and recording date do not match. While an instrument beneficiary may bear a risk by delaying recording, Plaintiff has cited no authority suggesting that prompt recording is required by law. Doc. 9, at 9. Plaintiff infers wrongdoing related to the second assignment because it was signed on January 12, 2011, but states an effective date of December 16, 2010. Doc. 1-1, at 4, ¶ 21; Doc. 1-1, at 54 (Ex. D). Courts have recognized parties' freedom to set effective dates for transactions, and have enforced these dates. *See, e.g.*, *Inlandboatmens Union of Pac. v. Dutra Group*, 279 F.3d 1075, 1082 (9th Cir. 2002) ("The effective date clause thus unambiguously removed any real time gap that may have existed[.]"); *Statewide Ins. Corp. v. Dewar*, 143 Ariz. 553, 557 (1984) (enforcing the parties' explicitly stated effective date).

Third, Plaintiff argues that the trustee substitution and the notice of sale were improper because they were recorded before the second assignment from MERS to U.S. Bank. Doc. 1-1, at 8, ¶¶ 22-23. The second assignment expressly states an effective date of December 16, 2010, prior to the December 22, 2010 trustee substitution and notice of sale. Doc. 1-1, at 54, 57, 60 (Ex. D, E, F). As discussed above, courts have recognized and enforced effective dates for transactions. Furthermore, U.S. Bank has cancelled the pending trustee's sale in light of the present litigation. Doc. 9-1, at 6. If a new notice of sale is issued, it will be dated after MERS assigned the Deed to U.S. Bank.

### 2. A.R.S. § 33-420.

Plaintiff seeks relief under A.R.S. § 33-420, Arizona's false recording statute, for his false and fraudulent recording claim. Doc. 1-1, at 13, ¶ 65. Arizona courts have

applied § 33-420 only to "some sort of document purporting to create an interest, lien, or encumbrance, such as a lis pendens, mechanics lien, or the deed of trust itself. . . . The Court could locate no authority applying this statute to assignments of mortgages and notices of trustee's sales." *Schayes v. Orion Fin. Grp., Inc.*, CV-10-02658-PHX-NVW, 2011 WL 3156303, at *6 (D. Ariz. July 27, 2011); *see also In re Mortg. Elec. Registration Sys.*, No. 09-2119-JAT, 2011 WL 4550189, at *4 (D. Ariz. Oct. 3, 2011).

### 3. Pleading Requirements for Fraud Claims.

Plaintiff's complaint fails to meet the heightened pleading requirements for fraud claims. To prove a fraud claim in Arizona, nine elements must be established: "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that the information should be acted upon by the hearer and in a manner reasonably contemplated, (6) the hearer's ignorance of the information's falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury." *Taeger v. Catholic Family & Cmty. Servs.*, 196 Ariz. 285, 294 (Ariz. App. 1999). The complaint alleges that the documents at issue "show irregularities consistent with robo-signing, including no evidence of the signatory's authority and impossible circumstances in location including notaries and authorized signatures on opposite ends of the country," that MERS is not a real beneficiary, that MERs never had an assignable interest in the notes, and that Defendants recorded or caused to be recorded in Maricopa County documents containing material misstatements. Doc. 1-1, at 13, ¶¶ 63-65. These allegations do not state with particularity the circumstances constituting the alleged fraud. Fed. R. Civ. P. 9(b).

The Deed documents, the statutory basis of the claim, and the allegations in the complaint indicate that Plaintiff's false and fraudulent recording claim fails as a matter of law. The Court will therefore grant U.S. Bank's motion to dismiss on the false and fraudulent recording claim as well as the two derivative claims for declaratory and injunctive relief.

**III.  Motions for Attorneys' Fees and Costs.**

**A.  Tiffany & Bosco.**

Tiffany & Bosco seeks costs and attorneys' fees pursuant to A.R.S. § 33-807(E). Plaintiff has not addressed this request in his response. Doc. 8-2. Under § 33-807(E), a trustee should only be joined as a party in legal actions if the trustee is alleged to have breached its obligations under Arizona trustee law or under the deed of trust. A.R.S. § 33-807(E). The statute further states that if a "trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorneys' fees." *Id.* In this case, Plaintiff named Tiffany & Bosco as the alleged trustee. Doc. 1-1, at 5, ¶ 5. He has not alleged or explained how Tiffany & Bosco, as the alleged trustee, breached its obligations under the Deed or under Arizona law. Section 33-807(E) does not apply, however, because Tiffany & Bosco is not the trustee of the Deed. The Court will deny Tiffany & Bosco's request for attorneys' fees and costs.

**B.  U.S. Bank and MERS.**

U.S. Bank and MERS argue that they should ultimately be awarded attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01, the Deed, 28 U.S.C. § 1927, and A.R.S. § 12-349. Doc. 9, at 16. The Court will deny MERS's request for fees and costs because it was not named as a defendant in this action. *See* Doc. 1-1, at 5. Because the claims against U.S. Bank have not been dismissed with prejudice, the Court cannot conclude that U.S. Bank is entitled to attorneys' fees and costs under these provisions. The Court will deny U.S. Bank's request without prejudice.

**IV.  Leave to Amend.**

Plaintiff requests that the Court permit him to develop the facts related to his allegations through discovery and to brief his legal arguments (Doc. 11, at 11), but has not requested leave to amend the complaint. The Court recognizes its obligation to freely give leave to amend when justice so requires and to "ensure that pro se litigants do not unwittingly fall victim to procedural requirements." Fed. R. Civ. P. 15(a)(2); *Waters v.*

*Young*, 100 F.3d 1437, 1441 (9th Cir. 1996).

Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) provides, in pertinent part:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).  The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint that names the correct defendants and complies with the Federal Rules of Civil Procedure.  In filing an amended complaint, Plaintiff is advised to consider the deficiencies in the original complaint that the Court has noted in this order.

If Plaintiff fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Defendant Tiffany & Bosco's motion to dismiss (Doc. 8-1) is **granted**.

2. Defendant Tiffany & Bosco's motion for attorneys' fees and costs (Doc. 8-1) is **denied**.

3. Defendant U.S. Bank's motion to dismiss (Doc. 9) is **granted**.

4. Defendant U.S. Bank's request for attorneys' fees and costs is **denied** without prejudice.

5. Plaintiff's complaint (Doc. 1-1) is **dismissed** without prejudice. Plaintiff may file an amended complaint on or before **February 8, 2012**.

Dated this 30th day of January, 2012.

_____
David G. Campbell
United States District Judge